UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NADIA YOUKELSONE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-1705 (RMC) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM OPINION

Nadia Youkelsone bought a two-family residence in Brooklyn, New York, in 1997. In September 2001, after she failed to make mortgage payments, the holder of the mortgage, Federal National Mortgage Association, initiated foreclosure proceedings. Ms. Youkelsone sold the residence on November 11, 2004. In this lawsuit, the latest among many she has filed as a *pro se* attorney, she seeks to hold Fannie Mae liable for damages arising from common law injuries and federal statutory violations associated with Fannie Mae's efforts to foreclose on the property. Fannie Mae moves to dismiss.

The background of the case and the history of Ms. Youkelsone's prodigious *pro se* litigation efforts are set forth in the December 20, 2012, Opinion of this Court in a companion case against the FDIC as Receiver for Washington Mutual Bank, *Youkelsone v. Federal Deposit Insurance Corp.*, Civ. No. 09-1278 ("FDIC Case"). The facts alleged in the Amended Complaint in this case, Dkt. 7, are in all relevant ways the same as the facts alleged in the FDIC Case. *Compare, e.g.,* Am. Compl. in Civ. No. 10-1705 ¶ 45 ("Throughout the chapter 13 bankruptcy petition, Defendant together with W[ashington] M[utual Bank] engaged in the continuous scheme with intent to deprive Plaintiff of her property by unjustifiably rejecting

1

and/or misapplying the Plaintiff's payments towards the mortgage."), *with, e.g.,* Second Am. Compl. in Civ. No. 09-1278 ¶ 48 (same except for replacing "WM" with "FNMA").  Moreover, the causes of action advanced by Ms. Youkelsone here are the exact same as those advanced in the FDIC Case: Count I, abuse of process in the New York State foreclosure and bankruptcy cases; Count II, breach of contract on the Note and Mortgage by over-charging fees and expenses, failing to provide documents, and acting in bad faith; Count III, unjust enrichment through exorbitant fees, excess charges and wrongfully-retained monies; Count IV, bad faith in aiding and abetting WaMu and lacking fair dealing; Count V, violation of N.Y. Real Prop. Acts § 1921(4); Count VI, Violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1639; Count VII, deceptive consumer practices leading to excessive fees, interest and other charges; Count VIII, misrepresentation, fraud and deceit; Count IX, intentional infliction of emotional harm; Count X, intentional interference with business relations; Count XI, economic duress; Count XII, violation of the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1961 *et seq.*; and Count XIII, aiding and abetting WaMu in committing fraud, misrepresentation, conversion and misappropriation.[1]

       Ms. Youkelsone filed her Complaint, Dkt. 1, on October 5, 2010, and the case was assigned to the Honorable Judge Richard W. Roberts.  Fannie Mae filed a motion to dismiss on December 6, 2010, Dkt. 6.  In response, Ms. Youkelsone filed an Amended Complaint on December 21, 2010, Dkt. 7, and Fannie Mae renewed its motion to dismiss on January 6, 2011, Dkt. 8.  On January 24, 2011, Ms. Youkelsone filed both an opposition to the motion to dismiss,

---

[1] Most of the Amended Complaint is completely identical to the Second Amended Complaint in the FDIC Case.  Many of the counts refer to only "Defendant."  *Compare, e.g.*, Am. Compl. in Civ. No. 10-1705 ¶ 163, *with, e.g.*, Second Am. Compl. in Civ. No. 09-1278 ¶ 195 (identical).  The Second Amended Complaint in the FDIC Case was filed later than the Amended Complaint in this case, and Ms. Youkelsone added some facts in that case that do not appear in this case, such as paragraph 79 of the FDIC Case complaint, which mentions specific sums of money.

Dkt. 10, and a motion to amend the Amended Complaint, Dkt. 11.  On February 8, 2011, Fannie Mae filed both a reply to Ms. Youkelsone's opposition, Dkt. 14, and an opposition to the motion to amend the complaint again, Dkt. 13.

On February 23, 2011, the Court denied Fannie Mae's first motion to dismiss, Dkt. 6, "[i]n light of the filing of the amended complaint."  Minute Order dated Feb. 23, 2011.  The motion to file a second amended complaint, "in the event that the motion to dismiss is granted," was denied as premature on March 31, 2012.  Minute Order dated Mar. 31, 2012.  Thereafter, the case was voluntarily transferred as a related case from Judge Richard Roberts to Judge Rosemary M. Collyer.  Order dated Apr. 12, 2012 [Dkt. 24].  On August 28, 2012, this Court ordered supplemental briefing to address confusion between allegations against Fannie Mae and those against WaMu; that briefing was concluded on October 10, 2012.  Now pending before the Court are Fannie Mae's Motion to Dismiss dated January 6, 2011, Dkt. 8 (Def. Mot.); Ms. Youkelsone's Opposition dated January 24, 2011, Dkt. 10 (Pl. Opp.); Fannie Mae's Reply dated February 8, 2011, Dkt. 14; Judge Roberts' Order dated September 13, 2011, directing further briefing, Dkt. 21; Ms. Youkelsone's Supplemental Opposition dated October 13, 2011, Dkt. 22;  Fannie Mae's Supplemental Reply dated October 27, 2011, Dkt. 23; Judge Collyer's Order dated August 28, 2012, directing further briefing, Dkt. 25; Ms. Youkelsone's Brief to Correct Opposition Brief dated September 24, 2012, Dkt. 26 (Pl. 2nd Supp. Opp.); and Fannie Mae's Second Supplemental Reply Brief dated October 20, 2012, Dkt. 27.   The matter is ready for disposition.

Fannie Mae makes two arguments in support of its motion to dismiss Ms. Youkelsone's Amended Complaint.  First, it is time barred.  *See* Def. Mot. at 5–7 (presenting same arguments as FDIC-Receiver in FDIC case).  Second, Ms. Youkelsone has failed to state a

claim as to each of the thirteen counts in the Amended Complaint. *Id.* at 7–19. Ms. Youkelsone opposes Fannie Mae's motion, presenting the same arguments she advanced in the FDIC Case.

The Court has carefully reviewed the many briefs filed by the parties in this case and concludes that there are no legally significant differences between this case and the FDIC Case.[2] As in that case, the District of Columbia three-year statute of limitations applies to all of Ms. Youkelsone's state law claims under *A.I. Trade Finance, Inc. v. Petra International Banking Corp.*, 62 F.3d 1454, 1459–63 (D.C. Cir. 1995) ("[A] federal court applies state law when it decides an issue not addressed by federal law, regardless of the source from which the cause of action is deemed to have arisen for the purpose of establishing federal jurisdiction."). The TILA claim in Count VI has a one-year limitations period, *see* 15 U.S.C. § 1640(e), and the RICO claim a four-year period, *see Agency Holding Corp. v. Malley-Duff & Assoc, Inc.,* 483 U.S. 143, 156 (1987). For the reasons set forth in the Court's Opinion in the FDIC Case, the statutes of limitations began to run no later than November 11, 2004, when Ms. Youkelsone avoided foreclosure by selling the property privately. *See* Compl. ¶ 73. This case was filed October 5, 2010, almost six years later, making all thirteen counts untimely.

The fact that Ms. Youkelsone targets Fannie Mae here instead of the FDIC does not alter the statute of limitations analysis. Although Ms. Youkelsone asserts that Fannie Mae "maintained its foreclosure action until at least May, 2009," Pl. Opp. at 10, that fact is irrelevant

---

[2] Despite being given a chance to differentiate her arguments as to FDIC-Receiver/WaMu and Fannie Mae after several rounds of briefing, *see* Order dated August 28, 2012, Ms. Youkelsone sought only to make "minor corrections and revisions that here are not substantive or substantial" that, in her own words, were "inconsequential with respect to the data, the logic, or the inference structure" of her filings. Pl. Second Supp. Opp. at 1. She then stated that she wished to modify one sentence of one of her oppositions to swap a single reference to the FDIC with a reference to Fannie Mae. *Id.* at 2. As the adage goes, "you can lead a horse to water, tell him to take a drink, give him extra time to drink, but you still cannot make him drink." *Royal Surplus Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 947 (S.D. Tex. 2005). No harm and no foul here, however; the Court itself has peered into the well and found it dry.

because the pertinent inquiry under D.C. law is when she discovered or reasonably should have discovered her injury. *E.g.*, *Farris v. Compton*, 652 A.2d 49, 54 (D.C. 1994). Ms. Youkelsone's lengthy history of litigation involving these same events—including a suit against Fannie Mae in New York state court in 2001, *see Youkelsone v. Fed. Nat'l Mortg. Ass'n*, 309 A.D.2d 655, 655 (N.Y. App. Div. 2003) (affirming dismissal of complaint)—demonstrates that she was contemporaneously aware of her alleged injuries. Moreover, despite what she argues, Ms. Youkelsone is not entitled to tolling of the statutes of limitations, as discussed at length in the FDIC Case opinion.[3]

For the reasons set forth in this Memorandum Opinion and for the reasons set forth in the Court's Opinion in Civ. No. 09-1278, Fannie Mae's motion to dismiss will be granted and this case will be dismissed.

A memorializing Order accompanies this Memorandum Opinion.

DATE: December 20, 2012

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[3] In this case, as in the FDIC Case, the Court is skeptical that Ms. Youkelsone has stated a claim as to any of the thirteen counts in the Amended Complaint. Moreover, because Ms. Youkelsone's claims are time-barred and further amendment would therefore be futile, she will not be granted leave to file a Second Amended Complaint. *See Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (reciting standard for amendment of complaint under Fed. R. Civ. P. 15(a)(2)).

5